UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOR LIFE PRODUCTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.1:20-cv-10662 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ICP CONSTRUCTION, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff For Life Products, LLC (hereinafter "Plaintiff" or "FLP") files this Complaint for trademark infringement and unfair competition against the Defendant ICP Construction, Inc., (hereinafter "Defendant" or "ICP"). Plaintiff seeks monetary damages and permanent injunctive relief due to Defendant's actions related to the sale and distribution of surface care products bearing a brand name, REJUVENATA, that is nearly identical to that of FLP's federally registered REJUVENATE marks.  FLP alleges as follows:

## NATURE OF THIS ACTION

1. This is an action against ICP for trademark infringement and unfair competition.

2. FLP markets, sells and distributes surface care products under its federally-registered "REJUVENATE" marks (the "REJUVENATE Marks").

3. ICP markets and sells surface care products bearing the mark "REJUVENATA," which imitates FLP's REJUVENATE Marks in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and affiliation of ICP's surface care products.

4.     ICP's sale of surface care products bearing REJUVENATA is unlawful and is causing irreparable harm to FLP's REJUVENATE brand.

5.     FLP brings this action at law and in equity for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act") and the common law.  Among other relief, FLP asks this Court to: (a) permanently enjoin ICP from distributing, marketing or selling surface care products using or bearing REJUVENATA or any other confusingly similar imitation of FLP's REJUVENATE Marks; (b) award FLP monetary damages and treble that award; (c) require ICP to disgorge all profits from sales of products bearing REJUVENATA; and (d) award FLP punitive damages, attorneys' fees, and costs.

## PARTIES

6.     FLP is a multi-member limited liability company organized and existing under the laws of Florida, having its principal place of business at 2301 SW 145th Ave., Miramar, FL 33027.  All members of the limited liability company are located and domiciled in Florida.

7.     On information and belief, ICP Construction, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 150 Dascomb Rd., Andover, MA 01810.

## JURISDICTION

8.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338.  Subject matter jurisdiction over FLP's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9.     This Court has personal jurisdiction over ICP because, on information and belief, *inter alia*, (a) ICP is a corporation organized and existing under the laws of the Commonwealth of

Massachusetts; (b) ICP's principal place of business is located within the Commonwealth of Massachusetts; (c) ICP routinely, systematically, and continuously conducts business in the Commonwealth of Massachusetts; (d) ICP has marketed, distributed, offered for sale, and/or sold the infringing products within the Commonwealth of Massachusetts; and (e) ICP has otherwise made or established contacts within the Commonwealth of Massachusetts sufficient to permit the exercise of personal jurisdiction such that ICP's due process rights are not offended by this Court's exercise of personal jurisdiction over ICP.

## VENUE

10. The District of Massachusetts is a proper venue pursuant to 28 U.S.C. § 1391(b) at least because (a) ICP is subject to the Court's personal jurisdiction and therefore resides in this District, and (b) a substantial part of the events occurred in this District.

## STANDING

11. FLP has standing to file this action because it is the owner and assignee of the federal trademark registrations infringed by ICP.

## STATEMENT OF FACTS

**A.     FLP's REJUVENATE Marks**

12. FLP sells and distributes a wide array of household and commercial cleaning, restoration and surface care products under its REJUVENATE Marks, including floor and furniture cleaners, surface care and restoration products, and corresponding accessories.

13. In 1999, FLP launched its proprietary REJUVENATE product line. Over the last twenty years, FLP has grown its REJUVENATE business from a single floor restorer product to a full line of over 50 commercial and residential products ranging from surface cleaning and renewal products to cabinet and furniture restorers to leather and fabric cleaners to spot and stain

removers sold throughout the United States and Canada. Many of FLP's REJUVENATE products are specially formulated to clean, renew and repair flooring and surface materials, such as hardwood floors, carpet, vinyl flooring, grout, marble, stone and slate.

14. FLP owns numerous federal trademark registrations for the REJUVENATE Marks covering household and commercial cleaning and renewal products, many of which are incontestable, including the following:

| U.S. Registration Number | Word Mark | Registration Date |
| --- | --- | --- |
| 3051798 | REJUVENATE | January 24, 2006 |
| 3522915 | REJUVENATE DEEP CLEAN! | October 21, 2008 |
| 4025861 | REJUVENATE | September 13, 2011 |
| 5656134 | REJUVENATE MEGACLEAN | January 15, 2019 |
| 5728827 | REJUVENATE VERSA CLEAN | April 16, 2019 |

Copies of the Certificates of Registrations for each of these marks are attached collectively as **Exhibit 1**. FLP's use of the REJUVENATE Marks in commerce and federal registration of the REJUVENATE Marks predates ICP's commercial use of its REJUVENATA mark.

15. The REJUVENATE Marks are valid, enforceable, and legally protectable.

16. FLP has invested significant time, resources, and financial investment into building the REJUVENATE brand and establishing consumer goodwill in the REJUVENATE Marks associated with its surface care, cleaning, and renewal products.

17. Many of FLP's REJUVENATE products bear labels that display the REJUVENATE Marks as white lettering against a solid purple background. A non-limiting set of examples is as follows:



| REJUVENATE Tile and Grout Cleaner | REJUVENATE Stone, Tile & Laminate Floor Cleaner |
| --- | --- |
| REJUVENATE All Floors Cleaner | REJUVENATE Grout Deep Cleaner |

18. The REJUVENATE products, such as those shown above, are marketed to consumers for cleaning surfaces, including grout, tile, laminate, hardwood, and vinyl. The REJUVENATE cleaning products can be applied using a mop, the proprietary REJUVENATE

"Click and Clean" mop system, the REJUVENATE microfiber cloths, or using other suitable cleaning devices used to clean surfaces.

19. FLP sells its REJUVENATE products globally, including throughout the United States and Canada, through its product-specific website (https://www.rejuvenateproducts.com/) as well as through major retail and e-commerce outlets, including but not limited to, The Home Depot, Wal-Mart, Ace Hardware, QVC, Bed Bath & Beyond, Menards, and Amazon.com.

20. As a result of FLP's extensive use and promotion of the REJUVENATE Marks, FLP has built up and now owns extremely valuable goodwill that is symbolized by the REJUVENATE Marks.

**B.    ICP's Unlawful Activities**

21. ICP is a company specializing in formulating and producing surface care products.

22. ICP's family of brands includes DRY TREAT, under which it sells, produces, formulates, distributes, manufactures, advertises, or otherwise promotes at least two surface care cleaning products bearing the mark "REJUVENATA."

23. The first product ICP markets and sells bearing the REJUVENATA mark is a natural stone cleaner called REJUVENATA ACTIVE. An image of ICP's stone cleaning product bearing the REJUVENATA mark, taken from its product webpage (https://www.drytreat.com/cleaners/regular/hanafinn-rejuvenata-active.html) is reproduced below:



REJUVENATA ACTIVE Cleaner for Natural Stone & Hard Surfaces

A true and correct copy of ICP's REJUVENATA ACTIVE product webpage is attached hereto as **Exhibit 2**.

24. On the product webpage, REJUVENATA ACTIVE is "recommended for cleaning indoor surfaces including kitchen floors, bathrooms, eating and entertaining areas." **Ex. 2** at 1. "[REJUVENATA ACTIVE] can be used for light regular mopping, heavy duty cleaning and removal of stains caused by oil / grease, mold, leaf marks, food and beverages." *Id*. REJUVENATA ACTIVE is "suitable for domestic and commercial cleaning of hard surfaces," which includes "all natural stone (including acid sensitive, calcite based stones such as marble and limestone)," "porcelain, ceramic and clay tile," "grout," and "vinyl and unfinished wood (with no stain, oil or other coatings)." *Id*.

25. The second product ICP markets and sells bearing the REJUVENATA mark is a countertop cleaner called REJUVENATA SPRAY. An image of ICP's countertop cleaning product bearing the REJUVENATA mark, taken from its product webpage (http://www.drytreat.com/cleaners/regular/rejuvenata-spray.html) is shown below:



*REJUVENATA SPRAY Stone Countertop Cleaner*

A true and correct copy of ICP's REJUVENATA SPRAY product webpage is attached as **Exhibit 3**.

26. On the product webpage, REJUVENATA SPRAY is "recommended for daily cleaning of natural stone, engineered stone, lacquered timber, stainless steel, laminate and polished concrete countertops." *Id.*

27. In blatant disregard of FLP's rights to the REJUVENATE Marks, ICP is manufacturing, producing, marketing, distributing, offering for sale, and selling in interstate commerce surface care cleaning products bearing a word mark, REJUVENATA, that is nearly identical to FLP's federally-registered REJUVENATE Marks. Not only are the marks nearly identical, ICP's use of the REJUVENATA mark on its surface care cleaning products closely mimics the placements, shape, and design of the REJUVENATE Marks on FLP's surface care cleaning products as shown in the table below:



| FLP REJUVENATE PRODUCT | ICP INFRINGING PRODUCT |
|---|---|
| REJUVENATE Grout Deep Cleaner | REJUVENATA Natural Stone Cleaner |
| REJUVENATE Kitchen & Bath Countertop Polish | REJUVENATA Countertop Cleaner |

28. ICP's products bearing the REJUVENATA mark are marketed and sold for the same uses as many of FLP's REJUVENATE surface care products. Also, both are cleaning products designed to clean a variety of surfaces including stone, wood, grout, tile, ceramic, and

other household surfaces.  As FLP's direct competitor, ICP is offering its REJUVENATA surface care cleaning products to the same consumers as FLP *and* ICP's REJUVENATA surface care cleaning products are sold next to or near FLP's products in overlapping channels of trade.

29. For example, REJUVENATA markets its products alongside of the REJUVENATE products on www.Amazon.com. A true and correct copy of a webpage taken from www.Amazon.com is attached as **Exhibit 4**, showing the REJUVENATA products, along with product comparisons to the REJUVENATE products.

30. ICP's REJUVENATA mark is similar in sight, sound and appearance as FLP's REJUVENATE Marks.

31. ICP is blatantly attempting to trade on the goodwill established by FLP in its REJUVENATE Marks, and ICP's continued use of the REJUVENATA mark in association with surface care products is likely to cause consumer confusion.

32. ICP also distributes, either directly or indirectly, surface care products bearing the REJUVENATA mark through many other third-party retailers. As shown in **Exhibit 2** and **Exhibit 3**, ICP's REJUVENATA product webpages include a "Where to Buy" link that, when clicked, directs consumers to third-party retailers where products bearing the infringing REJUVENATA mark can be purchased.

33. REJUVENATA is also sold in other retailers across the United States, thereby inducing those third parties to infringe the REJUVENATE trademarks.

34. On information and belief, ICP had knowledge of and was familiar with the REJUVENATE Marks when it began marketing, promoting, offering for sale and selling surface care cleaning products bearing REJUVENATA.

35. On information and belief, ICP intentionally adopted and used a confusingly similar imitation of FLP's REJUVENATE Marks knowing that REJUVENATA would mislead and deceive consumers into believing ICP's surface care cleaning products were produced, authorized, or licensed by FLP, or that the surface care cleaning products originated from FLP.

36. Neither ICP nor any of its family of brands is associated, affiliated, or connected with FLP, or licensed, authorized, sponsored, endorsed, or approved by FLP in any way.

37. FLP used the REJUVENATE Marks on surface care products extensively and continuously before ICP began: (i) using the REJUVENATA mark on surface care cleaning products or (ii) marketing, promoting, distributing, offering for sale, or selling REJUVENATA ACTIVE or REJUVENATA SPRAY.

38. The likelihood of confusion, mistake, and deception engendered by ICP's infringement of FLP's REJUVENATE Marks is causing irreparable harm to the goodwill symbolized by the REJUVENATE Marks and the reputation for quality that they embody.

39. ICP's continued marketing, promotion, offer for sale, sale and distribution of surface care cleaning products bearing REJUVENATA are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing ICP's REJUVENATA ACTIVE and REJUVENATA SPRAY products at the point of sale are likely—due to ICP's use of a confusingly similar imitation of FLP's REJUVENATE Marks—to mistakenly attribute the cleaning products to FLP. By causing a likelihood of confusion, mistake, and deception, ICP is inflicting irreparable harm on the goodwill symbolized by FLP's REJUVENATE Marks and the reputation for quality that they embody.

40. On information and belief, ICP continues to use the REJUVENATA mark in connection with the sale and distribution of surface care cleaning products that directly compete

with surface care cleaning products offered by FLP.  ICP began selling surface care cleaning products bearing the REJUVENATA mark well after FLP had established protectable rights in the REJUVENATED Marks.

41. On information and belief, ICP knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of FLP's REJUVENATE Marks on its surface care cleaning products.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

42. FLP re-alleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. ICP's use of a confusingly similar imitation of FLP's REJUVENATE Marks in a confusingly similar way on competing surface care cleaning products is likely to cause confusion, deception, and mistake by creating the false and misleading impression that ICP's surface care cleaning products are manufactured or distributed by FLP, associated or connected with FLP, or have the sponsorship, endorsement, or approval of FLP.

44. In connection with ICP's surface care cleaning products, it has used a reproduction, counterfeit, copy, or colorable imitation of FLP's registered trademarks without FLP's consent.

45. ICP's use of REJUVENATA in connection with surface care cleaning products is confusingly similar to FLP's federally registered REJUVENATE Marks in violation of 15 U.S.C. § 1114.  ICP's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to FLP's goodwill and reputation as symbolized by FLP's REJUVENATE Marks.

46. ICP's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with FLP's REJUVENATE Marks to FLP's great and irreparable harm.

47. By virtue of ICP's conduct, including the sale, production, formulation, distribution, manufacture, advertisement, or promotion of products bearing REJUVENATA, ICP has willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, and FLP has suffered and will continue to suffer irreparable damage to its business, reputation, and goodwill and has lost sales and profits it would have made but for ICP's willful infringement.

48. ICP caused and is likely to continue causing substantial injury to the public and to FLP, and FLP is entitled to injunctive relief and to recover ICP's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION
**(15 U.S.C. § 1125(a))**

49. FLP re-alleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. In connection with ICP's surface care cleaning products, ICP has used a reproduction, counterfeit, copy, or colorable imitation of FLP's registered trademarks without FLP's consent.

51. ICP's use of a confusingly similar imitation of FLP's REJUVENATE Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that ICP's surface care cleaning products are manufactured or distributed by FLP, or are affiliated, connected, or associated with FLP, or have the sponsorship, endorsement, or approval of FLP.

52. ICP has made false representations, false descriptions, and false designation of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). ICP's activities have caused,

and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to FLP's goodwill and reputation as symbolized by FLP's REJUVENATE Marks, for which FLP has no adequate remedy at law.

53. ICP's actions demonstrate an intentional, willful, and malicious intent to unfairly compete with FLP and trade on the goodwill associated with FLP's REJUVENATE Marks to FLP's great and irreparable harm.

54. By virtue of ICP's conduct, including the sale, production, formulation, distribution, manufacture, advertisement, or promotion of products bearing REJUVENATA, ICP has willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1125(a), and FLP has suffered and will continue to suffer irreparable damage to its business, reputation, and goodwill and has lost sales and profits it would have made but for ICP's willful unfair competition.

55. ICP caused and is likely to continue causing substantial injury to the public and to FLP, and FLP is entitled to injunctive relief and to recover ICP's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III
**(Common Law Trademark Infringement and Unfair Competition)**

56. FLP re-alleges and incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57. ICP's use of a confusingly similar imitation of FLP's REJUVENATE Marks in a confusingly similar way on competing surface care cleaning products constitutes common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by the Court, a likelihood of confusion, deception, and mistake by creating the false and misleading impression that ICP's surface care cleaning products are manufactured or

distributed by FLP, associated or connected with FLP, or have the sponsorship, endorsement, or approval of FLP.

58. ICP acted with full knowledge of FLP's use of, and statutory and common law rights to, the REJUVENATE Marks and without regard to the likelihood of confusion of the public created by ICP's activities.

59. ICP's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with FLP's REJUVENATE Marks to FLP's great and irreparable harm.

60. As a result of ICP's adoption and use of the infringing REJUVENATA mark in connection with its surface care cleaning products, FLP has been damaged in an amount not yet determined or ascertainable. At a minimum, however, FLP is entitled to injunctive relief, to an accounting of ICP's profits, to damages and to costs. Further, in light of ICP's deliberate and malicious use of a confusingly similar imitation of FLP's REJUVENATE Marks, and the need to deter ICP from engaging in similar conduct in the future, FLP additionally is entitled to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, FLP respectfully requests that this Court enter judgment in its favor and against ICP as follows:

1. ICP be held liable under each claim of relief set forth against it in this Complaint;

2. ICP be compelled to pay FLP monetary damages suffered as a result of ICP's infringing acts and unfair competition, including the harm to FLP's reputation and actual damages suffered, as well as lost profits for lost sales resulting from those acts;

3. FLP be awarded all damages caused by the acts forming the basis of this Complaint;

4. ICP and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from ICP, or in concert or participation with ICP, and each of them, be enjoined from:

   a. Advertising, marketing promoting, offering for sale, distributing, or selling REJUVENATA ACTIVE and REJUVENATA SPRAY;

   b. Using REJUVENATA on or in connection with any of ICP's goods;

   c. Using the REJUVENATE Marks or any other copy, reproduction, colorable imitation, or simulation of FLP's REJUVENATE Marks on or in connection with ICP's goods;

   d. Using any trademark, name, logo, design, or source designation of any kind on or in connection with ICP's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of FLP's trademarks, trade dresses, names or logos;

   e. Using any trademark, name, logo, design or source designation of any kind on or in connection with ICP's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by FLP, or are sponsored or authorized by FLP, or are in any way connected or related to FLP; and

   f. Passing off, palming off, or assisting in passing off or palming off ICP's goods as those of FLP, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5.  Based on ICP's knowing and intentional use of a confusingly similar imitation of FLP's REJUVENATE Marks, the damages awarded be trebled and the award of ICP's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6.  ICP be required to pay FLP's the costs and reasonable attorneys' fees incurred by FLP in this action pursuant to 15 U.S.C. § 1117(a);

7.  Based on ICP's willful and deliberate infringement of FLP's REJUVENATE Marks, and to deter such conduct in the future, FLP be awarded punitive damages;

8.  FLP be awarded prejudgment and post-judgment interest on all monetary awards; and

9.  FLP be granted such other and further relief as the Court determines to be just and proper.

## JURY TRIAL DEMAND

FLP respectfully demands a trial by jury on all claims and issues so triable.

Dated: April 3, 2020

Respectfully submitted,

/s/Michael D. Tauer
Michael D. Tauer (BBO# 568398)
Email: mtauer@kcl-law.com
Sean LaPorta (BBO# 691460)
Email: slaporta@kcl-law.com
**Kerstein, Coren & Lichtenstein LLP**
60 Walnut Street, Fourth Floor
Wellesley, MA 02481
Phone: (781) 997-1600
Fax: (781) 997-1633

Terry L. Clark
Email: tclark@bassberry.com
(*pro hac* admission request forthcoming)

        Matthew D. Zapadka
        Email: matt.zapadka@bassberry.com
        (*pro hac* admission request forthcoming)
        **Bass, Berry & Sims, PLC**
        1201 Pennsylvania Avenue NW, Suite 300
        Washington, DC 20004
        Tel: 202-827-2950
        Fax: 202-478-0400

        R. Gregory Parker
        Email: gparker@bassberry.com
        (*pro hac* admission request forthcoming)
        **Bass, Berry & Sims, PLC**
        150 Third Avenue South, Suite 2800
        Nashville, TN 37201
        Tel: 615-742-6200
        Fax: 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

        ***Counsel for For Life Products, LLC***